IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| RYAN ALEXANDER MAYS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 120-105 |
| | ) | |
| JUDGE DANIEL J. CRAIG; JUDGE | ) | |
| MICHAEL N. ANNIS; JUDGE CARL C. | ) | |
| BROWN, JR.; and JUDGE JOHN FLYTHE, | ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, incarcerated at Calhoun State Prison in Morgan, Georgia, is proceeding *pro se* and *in forma pauperis* ("IFP") in this case filed pursuant to 42 U.S.C. § 1983. Because he is proceeding IFP, Plaintiff's complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006).

**I.   SCREENING OF THE AMENDED COMPLAINT**

  **A.   BACKGROUND**

Plaintiff names as Defendants the following judges from the Augusta Circuit of the Superior Court of Georgia: (1) Chief Judge Carl C. Brown, Jr.; (2) Judge Daniel J. Craig; (3) Judge Michael N. Annis; and (4) Judge John Flythe. (Doc. no. 1, p. 4.) Taking all of Plaintiff's allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

On October 7, 2019, Plaintiff filed a writ of mandamus against Evan Joseph before Judge Annis.  (Id. at 5.)  On October 10, 2019, a summons issued for Mr. Joseph to respond to the writ of mandamus within thirty days or a default judgment would enter.  (Id.)  Mr. Joseph failed to respond, however, Judge Annis found the facts did not support a default judgment.  (Id.)

On October 23, 2019, Plaintiff filed a second writ of mandamus against Mr. Joseph on different grounds. (Id.)  On October 29, 2019 a summons issued for Mr. Joseph to respond within thirty days or a default judgment would enter.  (Id.)  Mr. Joseph failed to respond, however, Judge Craig refused to enter a default judgment.  (Id. at 5, 7.)

Over the next several months Plaintiff filed numerous briefs and motions for summary judgement but received no immediate response.  (Id.)  In late December 2019, Plaintiff wrote two letters to Chief Judge Brown seeking his intervention in the underlying matters.  (Id. at 7.)  Chief Judge Brown did not intervene or respond.  (Id.)  The Superior Court consolidated Plaintiff's two writs, despite the writs covering different issues.  Despite scheduling a jury trial, the Superior Court conducted a bench trial in Plaintiff's absence on January 31, 2020.  (Id.)  On May 1, 2020, Plaintiff filed a writ of mandamus against Judges Annis and Craig before Judge Flythe.  (Id.)  Judge Flythe twice denied Plaintiff leave to proceed IFP.  (Id.)

In the case *sub judice*, Plaintiff alleges obstruction of justice, denial of access to the courts, conspiracy, abuse of power, actions taken beyond the scope of office, and various additional tortious conduct.  (Id.)  For relief, Plaintiff requests $5 million dollars in compensatory and punitive damages.  (Id. at 6.)

**B.     DISCUSSION**

**1.     Legal Standard for Screening**

The complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief.  See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).  A claim is frivolous if it "lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989).  "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)."  Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (per curiam) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level."  Twombly, 550 U.S. at 555.  While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  Iqbal, 556 U.S. at 678.  A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'"  Id. (quoting Twombly, 550 U.S. at 555, 557).  In short, the complaint must provide a "'plain statement'

possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the Court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972). However, this liberal construction does not mean that the Court has a duty to re-write the complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 3. Judges Craig, Annis, Brown and Flythe are Immune from Suit

Plaintiff's claims for monetary damages against Judges Craig, Annis, Brown and Flythe are barred by judicial immunity. It is well-settled that judicial officers are entitled to absolute immunity for "actions taken . . . within the legitimate scope of judicial authority." Rehberg v. Paulk, 566 U.S. 356, 363 (2012). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" Stump v. Sparkman, 435 U.S. 349, 356-57 (1978).

The complaint describes quintessential judicial functions of presiding over civil cases by screening complaints, consolidating cases, conducting hearings, and entering court orders. At most, Plaintiff alleges Defendants committed error, acted maliciously, or acted in excess of their authority. Because Plaintiff fails to allege any facts to suggest Defendants acted in the "clear absence of all jurisdiction," id. at 357, the complaint fails to state a claim. See Jarallah v. Simmons, 191 F. App'x 918, 920-921 (11th Cir. 2006) (affirming dismissal of a complaint for failure to state a claim where judicial immunity barred a state judge's liability

for damages and plaintiff failed to allege facts showing he suffered a constitutional violation).

## II. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Plaintiff's complaint be **DISMISSED** for failure to state a claim upon which relief may be granted, and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 29th day of October, 2020, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA